IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERSATA SOFTWARE, INC, and VERSATA DEVELOPMENT GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CALLIDUS SOFTWARE, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) Civ. No. 12-931-SLR ) ) ) ) ) |

**MEMORANDUM**

At Wilmington this 8th day of May, 2014, having reviewed defendant's motion to stay pending post-grant review of the patents-in-suit,[1] and the papers filed in connection therewith;[2] the court issues its decision based on the following reasoning:

1. **Background.** Plaintiffs Versata Software, Inc. and Versata Development Group, Inc. (collectively, "Versata") commenced this litigation in July 2012 against defendant Callidus Software, Inc. ("Callidus") in July 2012, asserting infringement of the patents-in-suit. (D.I. 1, exs. A-C) These patents are all characterized as "covered business method patents."[3] Fact discovery is scheduled to conclude on August 22,

---

[1] U.S. Patent Nos. 7,904,326 ("the '326 patent"), 7,958,024 ("the '024 patent"), and 7,908,304 ("the '304 patent").

[2] The court has jurisdiction to do so pursuant to 28 U.S.C. §§ 1331 and 1338(a).

[3] Consistent with the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, §18(d)(1), 125 Stat. 284, 329-31 (2011), and 37 C.F.R. 42.301(a), a "covered business method patent" is "a patent that claims a method or corresponding apparatus

2014, with trial scheduled to commence October 19, 2015. (D.I. 33)

2. Callidus filed its administrative challenges to the validity of the patents-in-suit in August 2013, pursuant to the "covered business method" ("CBM") patent review process provided for under the AIA § 18(a), 37 C.F.R. 42.300(a). The CBM petitions were filed by Callidus some 13 months after suit was filed and after Callidus had instituted a motion practice which included motions to dismiss and/or transfer. On March 4, 2014, the Patent Trial and Appeal Board ("PTAB") granted review of the patents-in-suit, finding it more likely than not that the challenged claims are directed to non-statutory subject matter and, therefore, unpatentable under 35 U.S.C. § 101. At the same time, the PTAB issued scheduling orders for the CBM petitions that set a hearing for October 22, 2014. By statute, the PTAB must issue its final written decision on or before March 4, 2015, which deadline may be extended by the PTAB for up to six months. See 35 U.S.C. § 326(a)(11), 37 C.F.R. 42.300(c). The PTAB's decision has estoppel effect as to the petitioner in later district court proceedings for issues raised by petitioner. AIA § 18(a)(1)(D).

3. **Standard of Review.** Section 18(b)(1) of the AIA provides the standard for reviewing requests for stays. More specifically:

> (1) If a party seeks a stay of a civil action alleging infringement of a patent under section 281 of title 35, United States Code, relating to a transitional proceeding for that patent, the court shall decide whether to enter a stay based on --
>
>> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

---

for performing data processing or other operations used in the practice, administration, or management of a financial product or service. . . ."

2

> (B) whether discovery is complete and whether a trial date has been set;
>
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

AIA § 18(b)(1).

    4. The legislative history of the CBM post-grant review process provided by Callidus reflects that Congress, in enacting the CBM patent review process in the AIA, was reacting to the perceived threat of "invalid business method patents" on the American economy. (D.I. 36 at 1 n.1) Rather than relying on the litigation (dispute resolution) process in the courts to weed out those patents that should not have issued in the first instance under 35 U.S.C. § 101, Congress instead created what it intended to be a cost-effective alternative to litigation handled by the PTAB.[4] The CBM patent review process, in effect, is an opportunity for the PTO to conduct a "do-over" of the challenged business method patents for the next eight years[5] in order "to reduce the burden of litigation." (Id., n.4) The legislative history includes Senator Schumer's conclusion that Congress "place[d] a very heavy thumb on the scale in favor of a stay being granted," it being "nearly impossible to imagine a scenario in which a district court would not issue a stay." (Id., n.3 & n.4) In this regard, AIA § 18(b)(2) provides for an

---

[4] As opposed to reexamination proceedings, which were intended to be parallel proceedings. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339-40 (Fed. Cir. 2013).

[5] Hence its characterization as a "transitional program." AIA § 18(a)(3).

immediate appeal of a denial of a stay by a district court to the United States Court of Appeals for the Federal Circuit.

5. **Analysis.** Now that the PTAB has actually instituted review of certain claims of the patents-in-suit and put a schedule in place, the court deems it appropriate to review Callidus' motion. The court notes at the outset that Callidus chose to seek limited CBM review before the PTAB on a subset of the patent claims at issue. More specifically, the PTAB's CBM patent review will **not** address claims 3-12, 14, 16-27, 29, and 31-34 of the '024 patent, or claims 3, 4, 7-11, 26, and 33-38 of the '304 patent. (D.I. 84 at 1) As noted by Versata, Callidus itself has asserted three of its own patents and more than 30 patent claims against Versata, all of which remain to be litigated. (*Id.*)

6. Looking to the standard enunciated by Congress, the court is not convinced that the PTAB's review of a subset of claims will simplify, to any meaningful extent, the issues in question or help streamline the trial. Although discovery is not complete, the trial date that is scheduled is within months of when the PTAB is expected to issue its decision. Given the fact that Callidus has affirmatively asserted its patents against Versata, it is apparent that Callidus is playing the stay card as both a sword and a shield, moving forward on its interests but denying Versata the opportunity to do the same, thus presenting a clear tactical advantage for Callidus, the moving party. Finally, Callidus clearly is defending against the asserted claims of infringement aggressively, having engaged the court and Versata in a preliminary motion practice before resorting to the administrative avenue for relief and the resulting stay motion. Under the

circumstances of this case, Callidus' tactics have actually increased the burdens of litigation, rather than reduced them.

7. **Conclusion.** Despite the presence of Congress' thumb on the scales of justice, the court concludes that a complete stay, under the circumstances at bar, will not simplify the issues or reduce the burdens of litigation. Because the PTAB's CBM patent review process will not significantly limit the parameters of the litigation as to the '024 and '304 patents, and is likely to be completed close in time to the scheduled trial in this case,[6] defendant's motion to stay is denied as to these two patents. Defendant's motion to stay is granted as to the '326 patent.[7] An appropriate order shall issue.

_____
United States District Judge

---

[6] In support of its motion to stay, Callidus argues that the substance of the issues to be litigated may change if Versata amends any of the challenged claims of the '024 or '304 patents through the CBM patent review process. Recognizing that any such amendment may not be broader than can be supported by the patents' specifications, 35 U.S.C. § 326(d)(3) and 37 C.F.R. 42.221, the court will be able to determine whether (and, if so, how) to accommodate amendments in the present trial schedule.

[7] The court notes in this regard that it now allows no more than two patents to be presented to any one jury at trial, meaning that Versata would not have moved forward with all three patents to trial in any event.