## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VERSATA SOFTWARE, INC., VERSATA )
DEVELOPMENT GROUP, INC. and )
VERSATA, INC. )
                )
      Plaintiffs/Counter Defendants, )
                )    C.A. No. 1:12-cv-00931-SLR
v. )
                )    **DEMAND FOR JURY TRIAL**
CALLIDUS SOFTWARE INC., )
                )
      Defendant/Counter Plaintiff.

### [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above entitled litigation may involve the disclosure of confidential trade secrets, technical know-how, or other confidential or proprietary research, development, commercial, personal, financial information or information furnished in confidence (hereinafter individually and collectively referred to as "Designated Material") relating to the subject matter of the above captioned litigation (hereinafter "the Litigation"), regardless of how generated;

WHEREAS, the named entities of the Litigation (hereinafter the "Parties" or "Party") desire to limit the extent of disclosure and use of such Designated Material, and to protect such Designated Material from unauthorized use and further disclosure, and wish to ensure that no advantage is gained by any Party through the use of such Designated Material, which could not have been learned without the discovery in the Litigation.

NOW, THEREFORE, HAVING BEEN STIPULATED AND AGREED by and between the Parties, through their respective counsel, subject to the approval of the Court, the Parties request that the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) be entered.

**IT IS HEREBY ORDERED THAT:**

1. This Stipulated Protective Order shall apply to all information, including but not limited to documents, electronic documents, electronically stored information, things, exhibits, discovery responses and testimony designated in good faith as constituting or containing Designated Material by Parties and non-Parties in the Litigation. Any Designated Material produced by a Party or non-party during the course of the Litigation may be designated by such Party or non-party as (1) CONFIDENTIAL; (2) HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY; or (3) HIGHLY CONFIDENTIAL - SOURCE CODE under the terms of this Stipulated Protective Order.

2. Confidential Information: For the purposes of this Stipulated Protective Order, Designated Material designated as CONFIDENTIAL shall be information or tangible things that the producing Party believes in good faith qualifies for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure as non-public confidential and/or proprietary information, whether personal or business related. Absent a specific order by this Court, once designated as CONFIDENTIAL such Designated Material shall be used by the Parties only in connection with the Litigation or appeal therefrom, and not for any other purpose, including business, competitive, or governmental purposes or functions, and such information shall not be disclosed to anyone except as provided herein.

3. Highly Confidential Information-Attorneys' Eyes Only: Designated Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE shall be information that the producing Party believes in good faith is extremely sensitive confidential information that if disclosed to another Party or non-party would create a substantial adverse impact on the producing Party's business, financial

- 2 -

condition, ability to compete, standing in the industry, or any other risk of injury that could not be avoided by less restrictive means. Such material includes, without limitation, technical or product information not released to the public; confidential business information, including but not limited to market studies and analyses, future projections, strategies, forecasts, business plans, and information concerning business decisions or negotiations; company financial information and projections in any form that have not been made available to the public; license agreements and other contractual relationships with third Parties; identification of current, former, or potential customers and vendors; materials relating to ongoing research and development efforts and future products; technical materials used solely for internal purposes in connection with development, production information, engineering information, or sales training information; source code; and non-public correspondence and documents relating to the prosecution of any patent applications or any other proceeding before the United States Patent and Trademark Office or any foreign patent office. Absent a specific order by this Court, once designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE, such designated material shall be used by the Parties only in connection with the Litigation, and not for any other purpose, including business, competitive, or governmental purposes or functions, and such material shall not be disclosed to anyone except as provided herein.

    4.    Scope: The scope of this Stipulated Protective Order shall be understood to encompass not only those items or things which encompass CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE information, but also any information derived therefrom and all excerpts and summaries thereof, as well as testimony and oral conversation related thereto.

5.     Designation of Designated Material: Each Party or non-party that designates Designated Material for protection under this Stipulated Protective Order must limit any such designation to specific material that qualifies under the appropriate standards. The designation of Designated Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE for purposes of this Stipulated Protective Order shall be made in the following manner by the Party or non-party seeking protection:

a.     In the case of documents, electronic documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, things or other materials (apart from documents and things made available for inspection, depositions, pretrial or trial testimony) by affixing the legend CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE, as appropriate, to every page of any document containing Designated Material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or non-party seeking protection becomes aware of the confidential nature of the material disclosed and sought to be protected;

b.     For documents and things made available for inspection only, such documents and things shall be considered HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE. Upon request for copying and production by the inspecting Party, the producing Party shall designate such documents with the appropriate confidentiality marking;

c.     In the case of depositions, pretrial and trial testimony: (i) by a statement by counsel on the record during such deposition, pretrial or trial proceeding that the entire

transcript or a portion thereof shall be designated as CONFIDENTIAL, HIGHLY
CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL -
SOURCE CODE, as appropriate, hereunder; or (ii) by written notice of such designation
sent by counsel to all Parties within thirty (30) calendar days after receipt of the transcript
of the testimony. The Parties shall treat all deposition, pretrial and trial testimony as
HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY
CONFIDENTIAL - SOURCE CODE hereunder until the expiration of thirty (30)
calendar days after the receipt of the transcript. Until designated otherwise thereinafter,
any confidentiality is waived after the expiration of the 30 day period unless otherwise
stipulated or ordered. The Parties may modify this procedure for any particular deposition
or proceeding through agreement on the record at such deposition or proceeding or
otherwise by written stipulation, without further order of the Court;

     d.     In the case of Designated Material designated as CONFIDENTIAL,
HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY
CONFIDENTIAL - SOURCE CODE used during the course of a deposition as a
deposition exhibit or otherwise, that portion of the deposition record reflecting such
Designated Material shall be sealed and stamped with the designated degree of
confidentiality, and access thereto shall be limited pursuant to the other terms of this
Stipulated Protective Order; and

     e.     Each Party retains the right to subsequently re-designate documents and to
require such documents to be treated in accord with such designations from the date of
the re-designation forward.

6.     <u>Access to Material Designated "Confidential"</u>: Designated Material designated as

CONFIDENTIAL, copies of or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, otherwise communicated, or made available in whole or in part only to the following persons:

a. Outside counsel for the Parties. As used herein, "outside counsel of record" shall mean attorneys of record for the respective firms, including supporting personnel employed by the attorneys, such as patent agents, paralegals, legal secretaries, legal clerks, and litigation support employees.

b. No more than two officers, directors, in-house counsel, or employees of each Party ("Designated Employees" whose assistance is needed by counsel for the purposes of the Litigation and provided further that each Designated Employee review and agree to be bound by this Protective Order. Designated Employees are limited to those individuals designated below and may be substituted only with the written consent of all parties:

Versata

Designated Employee 1:

Designated Employee 2:

Callidus

Designated Employee 1:

Designated Employee 2:

c. Consultants and experts as defined in and pursuant to the provisions of Paragraph 9 herein;

d. The Court and those employed by the Court, pursuant to Paragraph 11 herein;

e.      Court reporters, videographers, outside copying, discovery vendors, interpreters or translators, employed in connection with the Litigation;

f.      Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the Litigation;

g.      Non-technical jury or trial consulting services retained by counsel for a Party;

h.      The author(s) and all recipients of the document or the original source of the information, provided that information can be determined from the face of the document; and

i.      Any other person upon order of the Court or upon written consent of the Party producing.

7.      Access to Material Designated "Highly Confidential-Attorneys' Eyes Only": Designated Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, otherwise communicated or made available in whole or in part only to the following persons:

a.      Parties' outside counsel of record in the Litigation, as defined in Subparagraph 6(a) above;

b.      Consultants and experts as defined in and pursuant to the provisions of Paragraph 9 herein;

c.      The Court and those employed by the Court, pursuant to Paragraph 11 herein;

     d.      Court reporters, videographers, outside copying, discovery vendors, interpreters or translators, employed in connection with the Litigation;

     e.      Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the Litigation;

     f.      Non-technical jury or trial consulting services retained by counsel for a Party;

     g.      The author(s) and all recipients of the document or the original source of the information, provided that information can be determined from the face of the document; and

     h.      Any other person only upon order of the Court or upon written consent of the Party producing.

8.     <u>Access to Material Designated "Highly Confidential -- Source Code"</u>: To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as HIGHLY CONFIDENTIAL - SOURCE CODE if it comprises or includes confidential, proprietary or trade secret source code. Protected Material designated as HIGHLY CONFIDENTIAL – SOURCE CODE shall be subject to all of the protections afforded to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information including the Prosecution Bar set forth in Paragraph 22, and may be disclosed only to the individuals to whom HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be disclosed.

     a.      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Receiving Party's

counsel or consultant or expert as defined by paragraph 9 herein provided that such expert is located more than 50 miles from the office of the Receiving Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party will make available the source code and all related files in native format. The production of source code and related files will preserve all file names, directory names, directory structures, and date metadata.

b.     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Paragraph 8(a) in the first instance. The Producing Party shall provide all such source code in paper form including Bates numbers and the label HIGHLY CONFIDENTIAL - SOURCE CODE. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 13 regarding objections to designations. The reviewing Party may make and store a limited number of paper copies of printed portions of the source code to the extent such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including infringement contentions, testifying expert's report) or (2) necessary for deposition.

c.     The Receiving Party shall maintain a record of any individual who has

inspected any portion of the source code in electronic or paper form. The Receiving Party
shall maintain all paper copies of any printed portions of the source code in a secured,
locked area. The Receiving Party shall only make additional paper copies if such
additional copies are (1) necessary to prepare court filings, pleadings, or other papers
(including infringement contentions, testifying expert's report) or (2) necessary for
deposition. Any paper copies used during a deposition shall be retrieved by the
Receiving Party at the end of each day and must not be given to or left with a court
reporter or any other individual. On reasonable request to the Producing Party, the
Receiving Party may use source code in native form at a deposition of a witness
otherwise entitled to view the source code as provided in this Stipulated Protective Order,
provided that the outside counsel of record for the Receiving Party use such materials
only when and to the extent reasonably necessary for the furtherance of its claims and
defenses in this case.

9.      Clearance Procedure for Consultants and Experts: For purposes of this Stipulated
Protective Order, a consultant or expert shall be defined as a person who is neither an employee,
agent or representative of a Party, nor anticipated to become an employee, agent or
representative of a Party in the near future, and who is retained or employed to assist in the
preparation for trial in the Litigation, whether full or part time, by or at the direction of counsel
for a Party. The procedure for having a consultant or expert approved for access to Designated
Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE under this Stipulated Protective Order
shall be as follows:

        a.      A Party sponsoring a consultant or expert must: (1) provide the consultant

or expert with a copy of this Stipulated Protective Order, (2) explain its terms, and (3) obtain the written agreement of the consultant or expert, in the form of Exhibit A hereto, to comply with and be bound by the terms of this Stipulated Protective Order. Before providing information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE by a producing Party pursuant to this Stipulated Protective Order to a consultant or expert, the Party seeking to disclose the information to a consultant or expert shall identify the consultant or expert to the producing Party in writing and provide the producing Party with (a) an executed Exhibit A, and (b) a written statement setting forth the consultant's or expert's residential address, business address, employer, job title, curriculum vitae, and past or present association with any Party, as well as a list of litigation matters for which the consultant or expert has provided any professional services during the preceding five years;

b.     Five (5) court days following the identification specified in Subparagraph 9(a) (hereinafter "the Identification"), the sponsoring Party may disclose the information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE under this Stipulated Protective Order to the identified consultant or expert unless said sponsoring Party receives a written objection to the Identification, served by facsimile or electronic mail, setting forth in detail the grounds on which it is based. Failure to object within five (5) court days of the identification shall be deemed a waiver of the objection. If the sponsoring Party receives such an objection within five (5) court days of the Identification, the consultant or expert shall be barred from access to any information

designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE under this Stipulated Protective Order for fourteen (14) calendar days commencing with the receipt by the producing Party of a copy of the executed Exhibit A and accompanying information required in Subparagraph 9(a) above;

c.    If within said fourteen (14) calendar days, the Parties are unable to resolve their differences and the opposing Party moves for a further protective order preventing disclosure of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE under this Stipulated Protective Order to the identified consultant or expert, then the Designated Material shall not be provided to said consultant or expert except by further order of the Court. Any such motion by the opposing Party must describe the circumstances and reasons for objection, setting forth in detail the reasons for which the further protective order is reasonably necessary, assessing the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. The Party opposing the disclosure to said consultant or expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the seeking Party's need to disclose the Designated Material to said consultant or expert.

10.    No Exportation of Designated Material: Unless it has received specific, express written consent from the producing party, the receiving party shall not transfer, transmit, export, send, or otherwise make available Designated Material to any person or location outside the United States. Such consent shall not be unreasonably withheld following an adequate written

showing concerning provisions for security of the Protected Material and accountability by any outside-the-U.S. recipients for maintaining the confidentiality of the Protected Material. If Protected Material is proposed to be transferred by or to a person or entity required to become qualified under this Protective Order, such written showing shall be appended and incorporated into any written undertaking executed by such person or entity. Any written consent by the producing party may further set forth the representations concerning provisions for security and accountability made in connection with any proposed transfer of Protected Material outside the U.S. and any such consent may be made conditional upon the accuracy of such representations.

11.   Use of Designated Material at Trial or Deposition: Any person may be examined as a witness at trial or during a deposition concerning any Designated Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE which that person had lawfully received or authored prior to and apart from the Litigation. During examination, any such witness may be shown Designated Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE by a Party that appears on its face, or from other documents or testimony, to have received from or authored by that witness or communicated to that witness. At any deposition session, upon any inquiry with regard to the content of a document marked CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE, or when counsel for a person (Party or non-party) deems that the answer to a question may result in the disclosure of CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE information of his or her client within the meaning of this Stipulated Protective Order, counsel for the person whose CONFIDENTIAL,

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL -

SOURCE CODE information is involved may request that all persons other than the reporter,

counsel, and individuals authorized under Paragraphs 6-8 hereof, leave the deposition room

during the confidential portion of the deposition. The failure of such other persons to comply

with a request to leave the deposition shall constitute substantial justification for counsel to

advise the witness that he or she need not answer the question.

      12.     Filing of Designated Material with the Court: Designated Material may be filed

with or presented to the Court, or may be included in briefs, memoranda or other papers filed

with this Court, but if so, they shall be filed under seal in accordance with the Local Rules of and

the United States District Court for the District of Delaware.

      13.     Objections to Designations: A Party may challenge any other Party's designation

of Designated Materials produced herein by serving a written objection upon the producing

Party. A Party does not waive its right to challenge a confidentiality designation by electing not

to mount a challenge promptly after the original designation is disclosed. In the event that a Party

challenges, in writing and providing its reasons for the challenge, at any time during the

Litigation, the designation of Designated Material, the designating Party, shall, within fourteen

(14) calendar days of such challenge, substantiate the basis for such designation in writing.

Failure to respond within fourteen (14) calendar days to the designation challenge shall deem the

material in question as de-designated. If substantiation is offered, the Parties shall first try to

resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the

Party challenging the designation may seek appropriate relief from the Court. Each such motion

shall identify the challenged material and the basis for the challenge. Until a dispute over the

asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall

- 14 -

treat the Designated Material in question as it is designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE.

14.     Counsel's Agreement to be Bound: All counsel for the Parties who have access to Designated Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE under this Stipulated Protective Order acknowledge they are bound by this Stipulated Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Stipulated Protective Order.

15.     Reservation of Rights: Entering into, agreeing to, and/or producing or receiving Designated Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE or otherwise complying with the terms of this Stipulated Protective Order shall not:

        a.      Waive any right to object on any ground to use in evidence of any of the Designated Material covered by this Stipulated Protective Order; or

        b.      Waive any objection to the disclosure or production of Designated Material otherwise available on any ground not addressed in this Stipulated Protective Order.

16.     Access to Party's Own Designated Material: This Stipulated Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Designated Material for any purpose.

17.     Independent, Lawful Acquisition of Designated Material: Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of Designated Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or

HIGHLY CONFIDENTIAL - SOURCE CODE obtained lawfully by such Party independently of any proceedings in this action, or which:

    a.    Was already known to such Party by lawful means prior to acquisition from, or disclosure by, any other Party in this action;

    b.    Is or becomes publicly known through no fault or act of such Party; or

    c.    Is rightfully received by such Party from a non-party that has authority to provide such information or material and without restriction as to disclosure.

18.    Inadvertent Production of Privileged or Immune Information: The inadvertent production or disclosure of any privileged, protected work product, or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection as to the inadvertently produced material or any related material. The Parties agree to handle inadvertently disclosed materials as follows:

    a.    For all inadvertently disclosed privileged or work-product materials, the producing Party must notify the receiving Party promptly upon discovery, in writing, that a document has been inadvertently produced. Upon receiving written notice under this Subparagraph from the producing Party that privileged and/or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing Party within five (5) court days of receipt of such notice and the receiving Party shall not use such information for any purpose, except as provided in Subparagraph 18(b) below, until further order of the Court. The receiving Party shall also attempt, in good faith, to retrieve and return or destroy all physical and electronic copies of the documents in electronic format;

    b.    Following initial notice received under Subparagraph 18(a) above, if the

receiving Party contests the privilege or work-product designation contained in the notice, the receiving Party shall give the producing Party written notice of the reason for said disagreement within five (5) court days of initial notice received under Subparagraph 18(a) and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. The receiving Party shall, within fifteen (15) court days from the initial notice by the producing Party, seek an order from the Court compelling the production of the material. If no such order is sought, the single retained copy of the disputed document shall be returned or destroyed in accordance with Subparagraph 18(a) above upon expiration of the fifteen (15) court day period;

      c.      Upon receiving an initial notice provided in accordance with Subparagraph 18(a) above, any analyses, memoranda or notes (including in electronic form to the extent reasonably practicable) which were internally generated by the receiving Party based upon such inadvertently produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving Party does not contest that the information is privileged or work-product material, or (b) the Court rules that the information is privileged, work-product, or otherwise protected. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing Party agrees in writing that the information is not privileged or work-product material, or (b) the Court rules that the information is not privileged or otherwise protected from disclosure;

      d.      Within fifteen (15) court days of receiving an initial notice provided in accordance with Subparagraph 18(a) above, the receiving Party shall notify any person to whom it has provided a copy of the inadvertently disclosed material that the document

contains privileged or work-product material that was inadvertently disclosed and that all copies of the document should be destroyed. The receiving Party shall also notify the producing Party of the identity of said person within fifteen (15) court days of receiving the initial notice.

19. <u>Errors in Designation</u>: If a Party inadvertently produces CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE material without marking it as such, it may be disclosed to others until the receiving Party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing Party. At such time that the producing Party notifies a receiving Party that a document or thing was produced without the appropriate confidentiality designation, the producing Party shall provide the receiving Party with replacement copies of the documents or things bearing the appropriate confidentiality designation. Upon receipt of the replacement copies, the receiving Party shall return or destroy all copies of the previously produced documents or things within its possession. The receiving Party shall notify any person to whom it provided a copy of such document or thing that the document or thing has been designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE and, if the person to whom it provided a copy of the document is not authorized under this Stipulated Protective Order to view CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE material, the receiving Party shall request that the person to whom it provided the document or thing return or destroy the document or thing. The receiving Party shall notify the producing Party of the identity of the person.

20.     Inadvertent Disclosure of Designated Information: If a Party learns that it has disclosed documents or information, by inadvertence or otherwise, that were designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE to any person or in any circumstance not authorized under this Stipulated Protective Order, that Party must immediately (1) notify in writing the designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all copies of the Designated Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons complete and sign a copy of the undertaking in the form attached hereto as Exhibit A.

21.     Amendments to the Protective Order: It is the present intention of the Parties that the provisions of this Stipulated Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulated Protective Order by application to the Court on notice to the other Parties hereto for good cause.

**[VERSATA'S PROPOSED LANGUAGE]**

22.     Prosecution Bar: Absent written consent from the Producing Party, any individual who reviews material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE shall not be involved in the prosecution of patents or patent applications related to incentive compensation or employee onboarding, or any patent or application claiming priority to the patents asserted in this action before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").

Versata designates the following attorney(s) on its trial team who will be responsible for consulting with counsel handling any administrative review process regarding Versata's patents-

- 19 -

in-suit: Brian Tompkins and Brian Nash.  These Versata designated attorneys shall <u>not</u> review or

be involved in reviewing Callidus's HIGHLY CONFIDENTIAL – SOURCE CODE; shall <u>not</u>

take part in discussing HIGHLY CONFIDENTIAL – SOURCE CODE with co-counsel or any

witness in the case; shall <u>not</u> read any report from any witness in the case concerning such

HIGHLY CONFIDENTIAL – SOURCE CODE, and shall <u>not</u> attend portions of any deposition

(nor read portions of transcripts of such depositions) where such HIGHLY CONFIDENTIAL –

SOURCE CODE is mentioned or discussed.

Any attorney, consultant, witness, or other person who views HIGHLY

CONFIDENTIAL – SOURCE CODE prior to trial shall not participate in any patent application

prosecution or any post-grant review proceeding for the particular technology field at issue in the

patents-in-suit, nor consult with attorneys or experts participating in any such prosecution or

post-grant review proceeding.

Counsel in the above captioned case shall inform all members of their respective firms

and all witnesses, experts, and other persons of the provisions of this order and of the fact that,

once any such person has viewed defendant's HIGHLY CONFIDENTIAL – SOURCE CODE,

the prosecution bar set out in this order shall apply to such persons.

This Prosecution Bar shall remain in effect until one (1) year after final termination of

this action.

**[CALLIDUS' PROPOSED LANGUAGE]**

22.     <u>Prosecution Bar</u>: Absent written consent from the Producing Party, any individual

who reviews material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or

HIGHLY CONFIDENTIAL – SOURCE CODE shall not be involved in the prosecution of

patents or patent applications related to incentive compensation or employee onboarding, or any

patent or application claiming priority to the patents asserted in this action before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").

Versata designates the following attorney(s) on its trial team who will be responsible for consulting with counsel handling any administrative review process regarding Versata's patents-in-suit: Brian Tompkins and Brian Nash. These Versata designated attorneys shall not review or be involved in reviewing Callidus's HIGHLY CONFIDENTIAL – SOURCE CODE or similar documents essential to Callidus's proprietary technology; shall not take part in discussing this information with co-counsel or any witness in the case; shall not read any report from any witness in the case concerning such information, and shall not attend portions of any deposition (nor read portions of transcripts of such depositions) where such information is mentioned or discussed.

Any Versata attorney, consultant, witness, or other person who views Callidus's HIGHLY CONFIDENTIAL – SOURCE CODE or similar documents essential to Callidus's proprietary technology prior to trial shall not participate in any post-grant review proceeding for Versata's patents-in-suit where Versata intends to amend claims, nor consult with attorneys or experts participating in any such prosecution or post-grant review proceeding.

Any Callidus attorney, consultant, witness, or other person who views Versata's HIGHLY CONFIDENTIAL – SOURCE CODE or similar documents essential to Versata's proprietary technology prior to trial shall not participate in any post-grant review proceeding for Callidus's patents-in-suit where Callidus intends to amend claims, nor consult with attorneys or experts participating in any such prosecution or post-grant review proceeding.

Counsel in the above captioned case shall inform all members of their respective firms and all witnesses, experts, and other persons of the provisions of this order and of the fact that,

once any such person has viewed defendant's HIGHLY CONFIDENTIAL – SOURCE CODE, the prosecution bar set out in this order shall apply to such persons.

This Prosecution Bar shall remain in effect until one (1) year after final termination of this action.

23.　Survival, Final Disposition of Designated Material: The provisions of this Stipulated Protective Order shall, absent written permission of the producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) calendar days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Designated Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing Party, or shall certify destruction thereof. Counsel described in Paragraphs 6(a) and 7(a) above shall be entitled to retain court papers, deposition and trial transcripts, and attorney work-product (including court papers, transcripts, and attorney work-product that contain information or material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE) provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE contained in such court papers, transcripts, attorney work -product, or documents to any person or entity except pursuant to a written agreement with the producing Party of the information or material. Attorney work product may be used in subsequent litigation

provided that such use does not disclose information or material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE.

24. <u>Notification of Subpoena, Document Request, or Order in Other Litigation</u>: If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a Party, or (c) is served with any other legal process by one not a Party to the Litigation, seeking information or material which was produced or designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE by someone other than the designating Party, the Party shall give prompt actual written notice no more than five (5) court days after receipt of such subpoena, demand, or legal process, to those who produced or designated the Designated Material CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE and shall object to its production to the extent permitted by law. Should the person seeking access to the Designated Material take action against the Party or anyone else covered by this Stipulated Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Stipulated Protective Order. The designating Party shall bear the burdens and the expenses of seeking protection in the court of its Designated Material, and nothing in these provisions shall be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

25. <u>Use of Designated Materials</u>: The Parties agree that all designated documents, information, and material exchanged between the Parties and subject to this Stipulated Protective Order in this action shall be used for the prosecution or defense of the claims in the Litigation only, and shall not be used for any other purpose, including any business, commercial,

competitive, personal, or other purposes, subject to the other terms of this Stipulated Protective Order.

26. Legal Advice: Nothing in this Stipulated Protective Order shall prevent outside counsel from giving legal advice based on information that has been designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE provided such legal advice shall not reveal the substance of any designated information to a person who is not authorized to receive it.

27. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

28. Parties' Agreement to be Bound: The Parties agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court, or pending the entry of an alternative that is satisfactory to all Parties. And any violation of its terms shall be subject to the same sanctions and penalties as if the Stipulated Protective Order had been entered by the Court.

Assent to the entry of the foregoing Protective Order is hereby given by the parties by and through their attorneys.

OF COUNSEL:

Conor Civins
Michael Chibib
Christopher L. Drymalla
Brian H. Tompkins
Bracewell & Giuliani LLP
111 Congress Avenue Suite 2300
Austin, TX 78701-4061
(512) 472-7800
Conor.civins@bgllp.com
Michael.Chibib@bgllp.com
Chris.drymalla@bgllp.com
Brian.tompkins@bgllp.com

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for VERSATA SOFTWARE, INC.,
VERSATA DEVELOPMENT GROUP, INC.
and VERSATA, INC.*

OF COUNSEL:

Deborah E. Fishman (*pro hac vice*)
Assad H. Rajani (*pro hac vice*)
Michael S. Tonkinson (*pro hac vice*)
DICKSTEIN SHAPIRO LLP
1841 Page Mill Road, Suite 150
Palo Alto, CA 94304
Phone: (650) 690-9500
Fax: (650) 690-9501
fishmand@dicksteinshapiro.com
rajania@dicksteinshapiro.com
tonkinsonm@dicksteinshapiro.com

Arthur G. Connolly, III (#2667)
CONNOLLY GALLAGHER LLP
1000 West Street, Suite 1400
Wilmington, DE 19801
Phone: (302) 888-6318
aconnolly@connollygallagher.com

*Attorneys for Callidus Software Inc.*

Dated: May 28, 2014

SO ORDERED this ___18th___ day of June, 2014.

_____
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VERSATA SOFTWARE, INC., VERSATA )
DEVELOPMENT GROUP, INC. and )
VERSATA, INC. )
                                        )
        Plaintiffs/Counter Defendants, )
                                          )     C.A. No. 1:12-cv-00931-SLR
v. )
                                          )     **DEMAND FOR JURY TRIAL**
CALLIDUS SOFTWARE INC., )
                                          )
        Defendant/Counter Plaintiff.

## ACKNOWLEDGMENT REGARDING STIPULATED PROTECTIVE ORDER

I, _____, hereby declare that:

1. I have received a copy of the Stipulated Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Stipulated Protective Order.

2. I agree that I will be bound by and will comply with all provisions of the Stipulated Protective Order in my treatment of Designated Material marked or otherwise indicated to me to be CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE. I will hold in confidence and will not disclose to anyone any Designated Material, including copies, summaries, abstracts, excerpts, indexes or descriptions thereof, except pursuant to the terms of the Stipulated Protective Order. I agree that I will only use such information for purposes of this action and not for any business or competitive purpose.

3. I will return all Designated Material that comes into my possession, and all documents and things that I have prepared relating to or reflecting such information, to outside counsel for the party by whom I am employed or retained or from whom I received such material within thirty (30) days of termination of this action by settlement or final judgment, including

exhaustion of all appeals, or within thirty (30) days of the conclusion of my involvement in the action, whichever is sooner.

4.  I agree to submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order.

5.  I state under penalty of perjury that the foregoing is true and correct.

Executed on _____.


_____

[Signature]