IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERSATA SOFTWARE, INC. and <br> VERSATA DEVELOPMENT GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CALLIDUS SOFTWARE, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 12-931-SLR <br> ) <br> ) <br> ) <br> ) |

## REVISED ORDER

WHEREAS, virtually every document in a typical patent case has been designated by the parties as confidential or highly confidential, with virtually every member of each party's trial team having access to such; and

WHEREAS, there is a growing proliferation of parallel proceedings between federal trial courts and the Patent and Trademark Office, with many of the administrative post-grant review proceedings initiated by defendants already in litigation; and

WHEREAS, defendants can use any inconsistencies in position a plaintiff might take between the court and administrative proceedings, e.g., as fodder for cross examination; and

WHEREAS, the Federal Circuit has recognized that "strategically amending or surrendering claim scope during prosecution" can implicate competitive decision-making, see *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1380 (Fed. Cir. 2010), thus

giving rise to a risk of inadvertent use of confidential information learned in litigation; and

WHEREAS, in an effort to balance a plaintiff's need for coordination among its counsel with a defendant's appropriate concern over the security of its proprietary information in the context of a protective order;[1]

NOW THEREFORE, at Wilmington this 19th day of June, 2014, IT IS ORDERED that the parties shall operate under a limited prosecution bar regarding all reexaminations, inter partes reviews, and any other post-grant review proceedings, as follows:[2]

1. Plaintiffs shall designate one or more attorneys on their trial team who will be responsible for consulting with counsel handling any administrative review process, in order to coordinate coherent and consistent positions in various proceedings. These designated attorneys shall not be involved in reviewing the highly confidential source code of defendant,[3] nor take part in discussing highly confidential source code with co-counsel or any witness in the case, nor shall they read any report from any witness in the case concerning such highly confidential source code, nor attend portions

---

[1] A party seeking to include in a protective order a provision effecting a prosecution bar has the burden of showing good cause for its inclusion. See In re Deutsche Bank Trust Co., 605 F. 3d at 1378.

[2] Tracking the order granted in Affinity Labs of Texas, LLC v. Samsung Electronics Co., Ltd., et al., D.I. 129, Civ. No. 12-557 (E.D. Tex. Nov. 18, 2013) (Judge Ron Clark).

[3] The court declines to include within the scope of this bar those documents designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," given the liberal use of this designation in litigation. However, if there are a small number of individual documents that defendant deems essential to its proprietary technology, the court will review them at defendant's request.

of any deposition (nor read portions of transcripts of such depositions) where highly confidential source code is mentioned or discussed. They may participate in all other aspects of the case. If it is likely that highly confidential source code will be used at trial, the parties shall discuss the operation of this limited prosecution bar at the pretrial conference.

2. Counsel listed on the docket in the above captioned case shall inform all members of their respective firms and all witnesses, experts, and other persons of the provisions of this order and of the fact that, once any such person has viewed defendant's highly confidential source code, the prosecution bar set out in this order shall apply to such persons.

3. This order shall remain in effect until one year after final termination of this litigation.

_____
United States District Judge